UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAYSHAWN ALLEN,

                     Plaintiff,

v.                                                                9:21-CV-675 (LEK/ATB)

JOHN DOE #1, et al.,

                     Defendants.

---

DAYSHAWN ALLEN, Plaintiff, pro se
STEVE NGUYEN, Asst. Attorney General, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States Senior District Judge. Presently before the court is defendant Superintendent McIntosh's motion for summary judgment, in lieu of an answer, pursuant to Fed. R. Civ. P. 56. (Dkt. No. 13). For the reasons set forth below, this court will recommend granting defendant's motion and dismissing the complaint in its entirety.

**I.   Background**

    **A.   Procedural History**

Plaintiff Dayshawn Allen, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se* 42 U.S.C. § 1983 action on June 10, 2021. (Complaint ("Compl.")) (Dkt. No. 1). The court reviewed the complaint in accordance with 28 U.S.C. §§ 1915, 1915A, and

found that plaintiff's Eighth Amendment excessive force claim against defendant John Doe #1 should proceed to litigation. (Dkt. No. 6). The court also added Donita McIntosh, the Superintendent of Clinton Correctional Facility ("Clinton C.F."), as a defendant, for purposes of service and discovery. (*Id.*).

Defendant McIntosh filed the instant summary judgment motion on October 19, 2021, in lieu of an answer. (Dkt. No. 13). Defendant McIntosh seeks summary judgment on the basis that plaintiff purportedly failed to exhaust his administrative remedies. (*Id.*). Plaintiff did not respond to defendant's motion for summary judgment, despite seeking and being afforded several extensions of time to do so. (*See* Dkt. Nos. 16, 17, 18, 19).

### B. Facts and Contentions

The complaint alleges that at approximately 5:00 p.m. on September 5, 2020, plaintiff was asleep in his cell at Clinton C.F. when defendant Correctional Officer John Doe #1 entered his cell and hit plaintiff over the head with a baton. (Compl. at 4). Plaintiff alleges that his "head hurt so bad for the next few days," and he sustained a "knot and hair missing from the top right side of his head." (*Id.*).

## II. Summary Judgment

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir.

2006). Rule 56(b) provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Thus, a party may move for summary judgment in lieu of an answer. *See, e.g., Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003); *Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010); *Riehl v. Martin*, No. 9:13-CV-439 (GLS/TWD), 2014 WL 1289601, at *1-2 (N.D.N.Y. Mar. 31, 2014).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272. "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the

3

non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

While courts are required to give due deference to a plaintiff's pro se status, that status "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Additionally, where, as here, a party has failed to respond to the movant's statement of material facts as required by Local Rule 7.1(a)(3), the facts in the movant's statement will be accepted as true (1) to the extent they are supported by evidence in the record, and (2) the non-movant, if proceeding pro se, has been specifically advised of the possible consequences of failing to respond to the motion.[1] *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); see also N.D.N.Y. Local Rule 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion[.]").

**III.   Exhaustion of Administrative Remedies**

    **A.   Legal Standards**

The grievance procedure in New York is a three-tiered process. The inmate must

---

[1] In this case, defendant in her moving papers specifically advised plaintiff of the consequences of failing to respond to the summary judgment motion. (Dkt. No. 13 at 1–3).

first file a grievance with the Incarcerated[2] Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Incarcerated[3] Grievance Program ("IGP") encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of harassment. *Id*. § 701.8. Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the Superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (I), 701.5.

Prior to *Ross v. Blake, supra*, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether

---

[2] This committee was formerly known as the "Inmate Grievance Resolution Committee," but has recently been renamed.

[3] The program was formerly known as the "Inmate Grievance Program," but has recently been renamed.

the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

In *Ross*, the Supreme Court made it clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, 578 U.S. 632, 640 (2016). "'[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, 578 U.S. at 639). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, 578 U.S. at 642. Courts evaluating whether an inmate has exhausted his or her administrative remedies must focus on whether those remedies were "available" to the inmate. *Id; see also Riles*, 2016 WL 4572321 at *2.

**B.   Application**

Defendant McIntosh moves for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies. In support of her motion, defendant relies on the declaration of Christine Gregory, the Supervisor of the IGP at Clinton C.F.

(Declaration of Christine Gregory ("Gregory Decl.")) (Dkt. No. 13-1). According to Supervisor Gregory, inmates at Clinton C.F., including plaintiff, attend an orientation program upon arrival to the facility, which includes a presentation about the grievance policies and procedures set forth in DOCCS Directive 4040. (*Id.* ¶¶ 5–6). Plaintiff attended and successfully completed such a program at Clinton C.F. in the spring of 2019. (*Id.* ¶ 6, Ex. A). Supervisor Gregory further states that on September 21, 2020, she received a grievance complaint from plaintiff concerning injuries he allegedly sustained on September 5, 2020. (*Id.* ¶ 19, Ex. B). On November 2, 2020, after review by the facility superintendent, plaintiff's grievance was denied. (*Id.* ¶ 20, Ex. C). Plaintiff, however, neither signed nor dated the "Appeal Statement" on the superintendent's determination for purposes of appealing to CORC. (*Id.* ¶ 22, Ex. C).

     Defendant has also submitted the declaration of Rachael Seguin, the Assistant Director of the Incarcerated Grievance Program for DOCCS. (Declaration of Rachael Seguin ("Seguin Decl.")) (Dkt. No. 13-2). Assistant Director Seguin is the custodian of the records maintained by CORC. (*Id.* ¶ 3). According to her records, plaintiff did not pursue a grievance appeal to CORC regarding the alleged assault by defendant Correctional Officer John Doe #1 on September 5, 2020. (*Id.* ¶ 12, Ex. B). In fact, the only grievance plaintiff appealed to CORC while in DOCCS custody, as of the date of defendant's motion, was filed on June 22, 2020, months prior to the instant allegation. (*Id.*).

As the court previously noted, plaintiff failed to file any opposition to defendant's summary judgment motion. Moreover, plaintiff's verified complaint does not include any allegations relative to the exhaustion of his administrative remedies with respect to this claim. *See McAllister v. Call*, No. 9:10-CV-610 (FJS/CFH), 2014 WL 5475293, at *3 (N.D.N.Y. Oct. 29, 2014) (finding allegations in plaintiff's verified complaint sufficient to controvert facts in statement of material facts on motion for summary judgment). Accordingly, the court deems the facts contained in defendant's statement of material facts as having been admitted, to the extent they are supported by accurate record citations. *See, e.g., Latouche v. Tompkins*, No. 9:09-CV-308 (NAM/RFT), 2011 WL 1103045, at *1 (N.D.N.Y. Mar. 23, 2011); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). To this end, the record before the court establishes that plaintiff failed to appeal any grievance relative to the September 5, 2020 alleged assault which forms the basis of his complaint to CORC. Moreover, there is no evidence in the record showing that the grievance procedure was at anytime "unavailable" to plaintiff, as contemplated by the *Ross* court. Therefore, given the record and considering the evidence in the light most favorable to plaintiff, the court finds defendant has carried her burden with respect to this issue. *Sanchezmartino v. Demmon*, No. 9:16-CV-0139 (GTS/DEP), 2017 WL 1098168, at *6 (N.D.N.Y. Feb. 23, 2017) (dismissal of pre-answer motion for summary judgment was warranted where defendants provided evidence that plaintiff did not appeal the relevant grievance

through to CORC, notwithstanding plaintiff's failure respond to the motion).

Dismissal with prejudice is appropriate where the plaintiff had the opportunity to exhaust administrative remedies, failed to do so, and is unable to cure his failure to exhaust. *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004). Here, plaintiff's time to appeal the relevant grievance to CORC in accordance with the rules and regulations has already passed, rendering his failure to exhaust his administrative remedies incurable at this time.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant McIntosh's motion for summary judgment (Dkt. No. 13) be **GRANTED,** and the complaint be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 15, 2022

Andrew T. Baxter
U.S. Magistrate Judge

9