UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAYSHAWN ALLEN,

        Plaintiff,

 -against-             9:21-CV-00675 (LEK/ATB)

JOHN DOE #1, *et al.*,

        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 15, 2022, by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Dkt. No. 20 ("Report-Recommendation"). Neither pro se Plaintiff Dayshawn Allen nor Defendants John Doe #1 and Donita McIntosh, Superintendent of Clinton Correctional Facility ("Clinton C.F.") (collectively, "Defendants"), filed objections to the Report-Recommendation within fourteen (14) days of its issuance. See generally Docket.

After the deadline for objections had terminated, Plaintiff advised the Court on July 25, 2022, that he "keep[s] getting moved" and his "mail isn't being forwarded" so he "cannot obtain any of [his] summary judgment paperwork." Dkt. No. 22 at 1. In light of Plaintiff's pro se status, the Court directed the Clerk of the Court to provide Plaintiff with a courtesy copy of the motion for summary judgment, Dkt. No. 13 ("Motion"), and the Magistrate Judge's Report-Recommendation, Dkt. No. 20, among other things. Dkt. No. 23. Additionally, in light of Plaintiff's pro se status, the Court sua sponte granted Plaintiff an extension of time to file objections to the Report-Recommendation, setting a deadline of August 15, 2022. Id. This new

deadline terminated, and Plaintiff again failed to file objections. See generally Docket. For the reasons that follow, the Report-Recommendation is adopted in its entirety, and Plaintiff's Complaint, Dkt. No. 1, is dismissed.

## II.     BACKGROUND

Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). R. &. R. at 1. Plaintiff brings a 42 U.S.C. § 1983 ("Section 1983") claim against John Doe #1 for Eighth Amendment excessive force. R. & R. at 1–2. In an earlier decision, the Court indicated that it merely added McIntosh "so that service may proceed and issue may be joined" with regard to the unknown Defendant, John Doe #1, and emphasized that it did not suggest that McIntosh was personally involved in the Eighth Amendment excessive force claim in this action. Dkt. No. 6 at 6.

Plaintiff alleges that "at approximately 5:00 p.m. on September 5, 2020, [he] was asleep in his cell at Clinton C.F. when [D]efendant Correctional Officer John Doe #1 entered his cell and hit [him] over the head with a baton." R. & R. at 2. Plaintiff alleges further that "his 'head hurt so bad for the next few days,' and he sustained a 'knot and hair missing from the top right side of his head.'" Id. (quoting Dkt. No. 1 at 4).

At issue before the Court is McIntosh's Motion for Summary Judgment, filed on October 19, 2021, in lieu of an answer. See Dkt. No. 13; R. & R. at 2. Judge Baxter observed: "McIntosh seeks summary judgment on the basis that [P]laintiff purportedly failed to exhaust his administrative remedies." Id. Furthermore, as Judge Baxter stated: "Plaintiff did not respond to [D]efendant's motion for summary judgment, despite seeking and being afforded several extensions of time to do so." Id.

### III.  STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states: "Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1); see also L.R. 72.1(c). "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

### IV.  DISCUSSION

As noted above, Plaintiff did not file objections to the Report-Recommendation. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

### V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that McIntosh's Motion for Summary Judgment (Dkt. No. 13) is **GRANTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 20, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge